UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

RANDY KENDRICK,

                 Plaintiff,

      v.

BROOKLYN DISTRICT ATTORNEY'S
OFFICE; ERIC GONZALEZ, District Attorney
of Kings County; JOHN DOES, Assistant
District Attorneys,

             Defendants.

## MEMORANDUM & ORDER
25-CV-1620 (HG) (JAM)

**HECTOR GONZALEZ**, United States District Judge:

On March 20, 2025, Plaintiff Randy Kendrick, a pretrial detainee at a Rikers Island

facility, brought this action *pro se* pursuant to 42 U.S.C. § 1983 ("Section 1983") and names the

Brooklyn District Attorney's Office, Brooklyn District Attorney Eric Gonzalez ("DA

Gonzalez"), and John Doe assistant district attorneys (the "ADAs") as defendants. *See* ECF

No. 1 (Compl.). The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"),

pursuant to 28 U.S.C. § 1915. *See* ECF No. 2 (IFP Mot.). For the reasons discussed below, the

action is dismissed.

## BACKGROUND

Plaintiff brings this action in connection with his pending state criminal case in Kings

County.[1] Plaintiff's asserted basis for jurisdiction involves violations of his federal

---

[1] The Complaint does not contain information about the underlying criminal case. The Court takes judicial notice that, according to New York State records, the incident underlying Plaintiff's arrest occurred on October 8, 2024, and Plaintiff was arrested on October 17, 2024. Plaintiff is charged with, *inter alia*, rape in the first degree and assault with a deadly weapon in the second degree. Plaintiff's case is pending in New York Supreme Court, Kings County, and his next appearance is scheduled for June 18, 2025. *See* Case Information for IND-76580-24/001, https://iapps.courts.state.ny.us/webcivil/ecourtsMain.

constitutional rights pursuant to Section 1983.  *See* ECF No. 1 at 8.  Plaintiff alleges that he has

been improperly detained for 180 days following his arrest on October 17, 2024.  *See id.* at 4, 5,

8.  He alleges that the Brooklyn District Attorney's Office, DA Gonzalez, and the ADAs violated

his constitutional rights by failing to properly serve him, to file a certificate of compliance, or to

provide required discovery materials under New York Criminal Procedure Law § 245.10.  *See id.*

at 5, 9.  Plaintiff asserts that these failures violated his right to due process under the Fourteenth

Amendment, his right to be free from unreasonable seizure under the Fourth Amendment, and

his right to a speedy trial under the Sixth Amendment.  *Id.* at 5, 9–11.  He also alleges that the

Brooklyn District Attorney's Office, under the direction of DA Gonzalez, established and

maintained certain enumerated "policies, practices, and customs" that caused the alleged

constitutional violations.  *See id.* at 12.  Plaintiff seeks money damages.  *See id.* at 6, 12.

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).[2]  A claim is plausible "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although all allegations contained in the complaint are assumed to be true, this tenet is

"inapplicable to legal conclusions." *Id.*  A *pro se* complaint "must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94

(2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*,

courts "remain obligated to construe a *pro se* complaint liberally").

---

[2]      Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration
marks, emphases, footnotes, and citations are omitted.

A district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 (2d Cir. 1999) (under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory). Similarly, a district court shall review an IFP action and dismiss it where it finds that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint will be dismissed as frivolous if it is based on an indisputably meritless legal theory or when the defendants are immune from suit. *See Kelsey v. Clark*, No. 22-22, 2023 WL 1980307, at *1 (2d Cir. Feb. 14, 2023).

## DISCUSSION

### I.    Plaintiff's Claims Against the Brooklyn District Attorney's Office

Plaintiff's claims against the Brooklyn District Attorney's Office cannot proceed because a district attorney's office is not a suable entity. *See Barreto v. Cnty. of Suffolk*, 455 F. App'x 74, 76 (2d Cir. 2012) (finding claims against a district attorney's office meritless because a district attorney's office is "not an entity capable of being sued"). Therefore, Plaintiff's claims against the Brooklyn District Attorney's Office must be dismissed.

## II.        Plaintiff's Claims Against DA Gonzalez and the ADAs

Plaintiff's claims against DA Gonzalez and the ADAs, in both their official and

individual capacities, must also be dismissed because they are barred by immunity doctrines.

*See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as

'frivolous' when 'it is clear that the defendants are immune from suit.'").

The Eleventh Amendment doctrine of sovereign immunity protects district attorneys and

assistant district attorneys from lawsuits brought against them in their official capacities.  *See*

*Amaker v. N.Y. State Dept. of Corr. Servs.*, 435 Fed. App'x. 52, 54 (2d Cir. 2011) (holding that a

district attorney and an assistant district attorney "benefited from New York's Eleventh

Amendment immunity against suit" because they were sued in their official capacities).  When a

state official, like a district attorney or assistant district attorney, is sued for damages in her

official capacity, "such a suit is deemed to be a suit against the state, and the official is entitled to

invoke the Eleventh Amendment immunity belonging to the state."  *Ying Jing Gan v. City of*

*New York*, 996 F.2d 522, 529 (2d Cir. 1993).  Therefore, the claims Plaintiff brings against DA

Gonzalez and the ADAs, in their official capacities, are barred by the Eleventh Amendment

doctrine of sovereign immunity.

The doctrine of absolute immunity shields prosecutors from liability for money damages

in Section 1983 suits, brought against them in their individual capacities, for their prosecutorial

actions that are intimately associated with the judicial phase of the criminal process and their role

as advocates.  *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009); *Anilao v. Spota*, 27

F.4th 855, 863–64 (2d Cir. 2022).  "Th[is] immunity covers virtually all acts, regardless of

motivation, associated with the prosecutor's function as an advocate."  *Id*. at 864.  Prosecutors

act as advocates, and thus receive the shield of absolute immunity, when they initiate and pursue

criminal prosecutions—including performing litigation-related functions.  *See, e.g., Ying Jing Gan*, 996 F.2d at 530.  Here, Plaintiff alleges that DA Gonzalez and the ADAs failed to properly serve him with a summons and complaint and willfully and deliberately failed to comply with discovery obligations.  *See* ECF No. 1 at 5, 9.  Plaintiff's claims, which seek money damages against DA Gonzalez and the ADAs, clearly relate to the pending prosecution against Plaintiff and fit squarely within the ambit of prosecutorial functions.  *See id.* at 5, 8, 0.  Therefore, Plaintiff's claims against DA Gonzalez and the ADAs, in their individual capacities, are barred by absolute immunity.

## LEAVE TO AMEND

The Second Circuit has held that leave to replead should be liberally granted to *pro se* litigants.  *See Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) ("[A] pro se complaint generally should not be dismissed without granting the plaintiff leave to amend at least once[.]").  "[B]ut amendment should be denied where the complaint gives no indication that a valid claim might be stated."  *McKie v. Kornegay*, No. 21-1943, 2022 WL 4241355, at *3 (2d Cir. 2022).  Here, the Court concludes that granting leave to amend would be futile and therefore declines to do so.  *See Bliven v. Hunt*, No. 05-cv-4852, 2006 WL 8441551, at *3 (E.D.N.Y. June 7, 2006) ("Defendants['] absolute immunity has been considered a futility sufficient for a court to deny leave to amend a complaint."), *report and recommendation adopted*, 2006 WL 8441552 (E.D.N.Y. June 30, 2006).

## CONCLUSION

For the reasons set forth above, the Complaint, filed IFP, is dismissed in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).

The Clerk of Court is respectfully directed to enter judgment, close this case, and mail a copy of this Order to Plaintiff, noting the mailing on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal would not be taken in good faith, and therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
April 29, 2025